**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

Matthew P. Janssen,

        Plaintiff,

   v.

Joseph B. Reilly, Badge #1157,
Piscataway Police Dep't,

        Defendants.

Civil Action No. 15-1906(SRC)

**MEMORANDUM AND ORDER**

---

**CHESLER**, District Judge:

    Plaintiff was a pretrial detainee when he brought this civil action under 42 U.S.C. § 1983 on March 11, 2015. (Compl., ECF No. 1.) On March 24, 2015, the Court granted Plaintiff's application to proceed in forma pauperis under 28 U.S.C. § 1915. (ECF No. 2.) At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit.

    The Court must liberally construe a pro se plaintiff's complaint, and take the allegations as true when determining if the plaintiff has failed to state a claim upon which relief may

1

be granted. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). Under this standard, Plaintiff's § 1983 claim against Joseph B. Reilly in his individual capacity may proceed. Plaintiff has also named the Piscataway Police Department as a defendant. New Jersey Police Departments are only an administrative arm of the local municipality, and not a separate entity that can be sued under § 1983. Padilla v. Township of Cherry Hill, 110 F. App'x 272, 278 (3d Cir. 2004)(citing DeBellis v. Kulp, 166 F.Supp.2d 255, 264 (E.D. Pa.2001)). Additionally, Plaintiff has not pled facts sufficient to state a § 1983 claim for municipal liability. See Colburn v. Upper Darby Tp., 946 F.2d 1017, 1027 (3d Cir. 1991)(quoting Monell v. New York City Dep't of Social Services, 436 U.S. 658, 691-95)). For these reasons, the claims against Piscataway Police Department will be dismissed. Having completed this screening,

IT IS on this 16TH day of APRIL, 2015,

ORDERED that claims against Piscataway Police Department are dismissed; it is further

ORDERED that Plaintiff's complaint against Defendant Joseph B. Reilly is permitted to proceed past 28 U.S.C. § 1915 screening; it is further

ORDERED that the Clerk of the Court is directed to file the complaint; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b), the Clerk shall serve a copy of this Order and this Court's March 24, 2015 Order (ECF No. 2) by regular mail on the Attorney General for the State of New Jersey and on Middlesex County Adult Detention Center, where Plaintiff is presently confined; it is further

ORDERED that pursuant to this Court's order dated March 24, 2015, granting Plaintiff's application to proceed in forma pauperis (ECF No. 2), Plaintiff is assessed a filing fee of $350.00 which shall be deducted from Plaintiff's prison account pursuant to 28 U.S.C. § 1915(b)(2) in the manner set forth below, regardless of the outcome of the litigation, in the event Plaintiff is still confined and has not been released from prison; it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), until the $350.00 fee is paid, each month that the amount in Plaintiff's prison account exceeds $10.00, the agency having custody of Plaintiff, to the extent that Plaintiff is still confined, shall assess, by deducting from his account and forwarding to the Clerk, payments equal to 20% of the preceding month's income credited to Plaintiff's prison account, with each payment referencing the civil docket number of this action; it

ORDERED that, pursuant to 28 U.S.C. § 1915(d), the Clerk shall issue summons and the United States Marshal shall serve

summons, the Complaint and this Order upon Defendant, with all costs of service advanced by the United States; it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant shall file and serve an answer, see Fed. R. Civ. P. 12(a)(1)(A); it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendant, Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service.

_____
STANLEY R. CHESLER
**UNITED STATES DISTRICT JUDGE**