**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| Matthew P. Janssen, | : |
| Plaintiff, | : Civ. No. 15-1906(SRC) |
| v. | : **MEMORANDUM AND ORDER** |
| Joseph B. Reilly et al., | : |
| Defendants. | : |

**CHESLER**, District Judge:

I. BACKGROUND

On March 11, 2015, Plaintiff, at the time a pretrial detainee, filed a civil action against the police officer who arrested him on July 4, 2013. (Compl., ECF No. 1.) Plaintiff alleged the defendant police officer viciously assaulted Plaintiff by pushing his face onto the asphalt; and despite Plaintiff's self-inflicted ear-to-ear neck gash, the defendant punched and kicked Plaintiff in the face after he was handcuffed. (Compl., ECF No. 1.) This motion comes before the Court upon Plaintiff's application for pro bono counsel. (ECF No. 6.)

1

II.  DISCUSSION

There is no constitutional right to counsel in a civil action. Parham v. Johnson, 126 F.3d 454, 456 (3d Cir. 1997). Nonetheless, a court "may request an attorney to represent any person unable to employ counsel." Id. (quoting 28 U.S.C. § 1915(e)(1)). In determining whether to appoint counsel for an indigent litigant in a civil case, the court must first determine whether the Plaintiff's claim has "some merit in fact and law." Id. at 457 (quoting Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993)).

If Plaintiff's claim has some merit, the court should then consider the following factors:

> (1) the plaintiff's ability to present his or her own case;
>
> (2) the complexity of the legal issues;
>
> (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
>
> (4) the amount a case is likely to turn on credibility determinations;
>
> (5) whether the case will require the testimony of expert witnesses;
>
> (6) whether the plaintiff can attain and afford counsel on his own behalf.

Id. (quoting Tabron, 6 F.3d at 155-56, 157 n. 5).

The Court has reviewed the complaint and finds that it potentially has some merit, and Plaintiff does not have the

2

means to employ counsel. Plaintiff's *pro se* complaint and his Rule 26(a)(1)(A) Initial Disclosure [ECF No. 11 at 4-6] demonstrate that he has an ability to present his own case. The remaining factors weigh in favor of declining to appoint pro bono counsel at this time.

Plaintiff's straightforward claim is not factually or legally complex. The case is likely to turn on the credibility of witnesses. It does not appear that the case will require expert witnesses. Therefore, the Court will deny Plaintiff's application for appointment of pro bono counsel without prejudice. If circumstances change, Plaintiff may file a new application, and the Court will reassess whether to appoint pro bono counsel.

IT IS THEREFORE, on this ____ day of _____, 2016,

ORDERED that Plaintiff's application for appointment of pro bono counsel (ECF No. 6) is DENIED without prejudice; and it is further

ORDERED that the Clerk shall serve a copy of this Order on Plaintiff by regular U.S. mail.

STANLEY R. CHESLER
United State District Judge

3