**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MATTHEW P. JANSSEN,

        Plaintiff,

    v.

JOSEPH B. REILLY,

        Defendant.

Action No. 15-cv-1906 (SRC)(CLW)

**OPINION & ORDER**

    **THIS MATTER** comes before the Court on *pro se* Plaintiff's motion for the appointment of *pro bono* counsel. (ECF No. 35.) The District Judge previously found that that Plaintiff qualifies for *in forma pauperis* status pursuant to 28 USC § 1915, dismissed claims against the Piscataway Police Department, and permitted Plaintiff's complaint against Defendant Reilly to proceed. (ECF Nos. 2-3.) In addition, the District Judge denied Plaintiff's prior application for *pro bono* counsel. (ECF Nos. 6, 14.) Plaintiff alleges that he is a "victim of police brutality" because Defendant "maliciously and viciously assaulted [him] after [he] was detained and handcuffed" such that he suffered, *inter alia*, a fractured wrist. (Compl., ECF No. 1, ¶¶ 4, 6.) Plaintiff seeks compensation for the "physical, mental, and emotional effects from the police brutality[.]" (Id., ¶ 7.)

    It is well-established that there is no constitutional right to counsel in a civil action. Montgomery v. Pinchak, 294 F.3d 492, 498 (3d Cir. 2002) (citing Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997)). However, the Court may request, though not require, an attorney to represent a civil litigant. Id. (citing 28 U.S.C. § 1915(e)(1)); see also Christy v. Robinson, 216 F. Supp. 2d 398, 406, n.16 (D.N.J. 2002) (citing Mallard v. United States Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 301-02 (1989)). Although the Court has broad discretion to determine whether the appointment of counsel in a civil matter is appropriate, the Court "should exercise care in

appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Montgomery, 294 F.3d at 499 (citing Parham, 126 F.3d at 458).

To determine whether to appoint counsel for an indigent litigant in a civil case, the Court first must make a threshold assessment of the merit of one's case such that there must be "some arguable merit in fact and law." Montgomery, at 498-99; Parham, 126 F.3d at 457; Tabron v. Grace, 6 F.3d 147, 155-57, n.5 (3d Cir. 1993). If there exists some merit, the Court should then consider the following factors:

1)    the plaintiff's ability to present his own case;
2)    the complexity of the legal issues;
3)    the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;
4)    the amount a case is likely to turn on credibility determinations;
5)    whether the case will require the testimony of expert witnesses; and
6)    whether the plaintiff can attain and afford counsel on his own behalf.

Id. Notably, a lack of legal training is common to *pro se* litigants and is insufficient to warrant appointment of counsel. Krider v. Heron, No. 06-3231, 2007 WL 2300709, at *2 (D.N.J. Aug. 3, 2007).

Here, upon review of the docket and Plaintiff's application for the appointment of counsel, the Court finds that the complaint plainly sets forth Plaintiff's account of the incident at issue, alleges specific injuries, and is comprised of one brief and straightforward claim against Defendant. Taking the factual allegations as true, the complaint is accordingly not frivolous and may arguably have merit. The Court next recognizes Plaintiff's limited comprehension of legal matters, his concern for the diligent prosecution of his case, his unsuccessful efforts to secure counsel, and his apparent loss of a paralegal to assist him while in custody. See Motion, ECF No. 35, at 3, ¶¶ 3-4. The Court, however, discerns no appreciable change in circumstances from

Plaintiff's earlier application. Indeed, the District Judge's prior observations dictate the outcome once again, as Plaintiff's claim "is not factually or legally complex[,] [t]he case is likely turn on the credibility of witnesses[,]" and expert witnesses likely will not be required. <u>See</u> Opinion, ECF No. 14, at 2-3. Furthermore, Plaintiff in his application and other interactions with the Court[1] has demonstrated his organizational skills and commitment to the pursuit of his claim, both of which reflect his ability to investigate and present his case. The Court therefore denies Plaintiff's application for appointment of *pro bono* counsel without prejudice. Plaintiff may renew his application upon a change in circumstances, and the Court will reassess whether to appoint pro bono counsel.

**ACCORDINGLY, IT IS** on this 10th day of July, 2017,

**ORDERED** that Plaintiff's motion for the appointment of *pro bono* counsel (ECF No. 35) is denied without prejudice;

**ORDERED** that the Clerk shall terminate ECF No. 35; and

**ORDERED** that the Clerk shall transmit this Order via certified mail, return receipt requested, to Plaintiff.

<u>s/Cathy L. Waldor</u>
**CATHY L. WALDOR**
**United States Magistrate Judge**

---

[1] As is reflected by the docket, this is particularly evidenced by the parties' diligent attempts to resolve recurring third-party discovery issues.